### No. 576

### EAST OHIO GAS CO. v. O'HARA

Ohio Appeals, 9th Dist., Summit County

No. 858. Decided April 14, 1924

829. NEGLIGENCE — 1. Verdict against gas company for injuries due to an explosion held not manifestly against the weight of evidence.

2. One servant held liable to another in same employment for injuries.

3. A third person who contributes to an injury to an employe is liable.

4. In a joint adventure, negligence of one is imputed to the other.

## STATE COURT OF APPEALS—Continued

5. Rule of joint adventure does not apply where the relationship of master and servant or principal and agent exists.

PARDEE, J.    Epitomized Opinion
Published Only in Ohio Law Abstract

O'Hara brought an action for personal injuries against the East Ohio Gas Co., claiming that in July, 1920, while acting as foreman for the N. O. Traction Co., he, descended into a manhole of the latter company and was seriously injured by an explosion of gas which had accumulated therein and which he claimed the defendant had permitted to escape from its pipes. The manhole in question was made of cement and was so constructed that outside gases could not enter. In this manhole were electric wires laid in lead pipes and there were also pipes through which the Gas Company conveyed its gas. The plaintiff had descended to fix one of the electric light wires at the time. The evidence also indicated that O'Hara was injured by an explosion and that there was natural gas present at the time. A match was struck by an employee working under O'Hara and this caused the explosion. The jury returned a verdict in favor of plaintiff, whereupon defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. That the verdict was not manifestly against the weight of the evidence.

2. One servant is liable to a fellow servant in the same employment for damages caused by the negligence of the first in such employment.

3. The excusing of the master for the negligence of a fellow servant is based upon contract and is personal to him. A stranger whose negligence, combined with the negligence of a servant, injures a fellow servant, is not entitled to the benefits of the contract between the master and servant, but the two are liable as joint tort feasors for their negligent acts.

4. In a joint enterprise, all so engaged are principals, each having control of the agencies and instruments employed to complete and carry out the common purpose, and the relation between them is such that the negligence of one is imputable to the other.

5. The rule of joint enterprise does not apply where the relationship of master and servant or principal and agent exists, as these terms are ordinarily and usually understood, so the rule cannot be invoked to prevent one servant from recovering from his fellow servant or from a stranger.

Attorneys—S. H. Tolles, Cleveland, and Waters, Andress, Southworth, Wise & Maxon, Akron, for East Ohio Gas Co.; Mather, Nesbitt & Willkie and Rockwell & Grant, for O'Hara, all of Akron.